IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HJERSTED FAMILY LIMITED )
PARTNERSHIP, )
 )
         **Plaintiff,** )
 )
v. )
 )  No. 06-2229-CM
 )
DEBRA DAVIS HALLAUER, E. DENVER )
VOLD, and VOLD, MORRIS & )
HALLAUER, PA, n/k/a HALLAUER LAW )
OFFICES, PA, )
 )
         **Defendants.** )
 )

## MEMORANDUM AND ORDER

Plaintiff Hjersted Family Limited Partnership brings this diversity action against defendants Debra Davis Hallauer, E. Denver Vold, and Vold, Morris & Hallauer, PA, n/k/a Hallauer Law Offices, Pa. The case comes before the court on Defendants Debra Davis Hallauer and Hallauer Law Offices, PA's Motion for Summary Judgment (Doc. 4). Because the evidence before the court does not establish that plaintiff's claims are barred by collateral estoppel, defendants' motion is denied.

**I.     Background**

Defendants helped Norman Hjersted form plaintiff. The two relevant partners were Norman and Lawrence Hjersted. Norman Hjersted executed a promissory note for $360,659.74 to plaintiff. Norman Hjersted died on April 28, 2001, apparently leaving Lawrence Hjersted unaware of the promissory note. According to the complaint, despite Lawrence Hjersted's requests, defendants refused to disclose plaintiff's business records—including the promissory note. By the time

Lawrence Hjersted learned of the promissory note, the deadline for claims against Norman Hjersted's estate passed. Because of this deadline the District Court of Leavenworth County, Kansas ordered plaintiff's claim on the promissory note not to be paid from the probate estate, noting:

> the court finds that the cases presented by the special administrator and the surviving spouse indicate that the lack of timely filing under the facts as presented (that is that even if Lawrence did not know of the existence of the note, he had constructive notice and/or should have known of its existence had reasonable diligence been exercised prior to the death of decedent), bar the filing of the claim.

Based on this, plaintiff alleges that defendants: (1) committed legal malpractice; (2) breached a contract for legal services; (3) breached their fiduciary duty; (4) negligently supervised their employees; (5) converted plaintiff's property; and (6) acted with "intentional, wilful, malicious and with reckless disregard for the effect on [plaintiff,]" entitling plaintiff to punitive damages. Defendants Debra Davis Hallauer and Hallauer Law Offices, PA filed the present motion, arguing that the state court's probate determinations bar these claims under collateral estoppel.

## II.     Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Under the doctrine of issue preclusion, "'[w]hen an issue of ultimate fact has once been

determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

> Four elements must be demonstrated in order to trigger issue preclusion: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."

*Id.* (quotations omitted).

### III.    Analysis

Here, defendants argue that issue preclusion is applicable because of the state probate decision. According to defendants, the issue previously decided is "the identity of the party responsible for the fact that [plaintiff] was denied the right to claim on the [n]ote." The sole statement made by the state court on the matter is the passage quoted above. It appears that the only holdings were that Lawrence Hjersted had constructive knowledge of the note "and/or" did not exercise reasonable diligence. There is no mention of party responsibility in that passage. There is no discussion of defendants' actions. Defendants do not provide any legal basis for their assertion that the state court decision "ordered that [plaintiff], through Lawrence Hjersted, is responsible for the fact that the [n]ote was presented to the . . . estate beyond the claim period." Defendants do no provide the reasoning to show why a holding that Lawrence Hjersted had constructive knowledge of the note implies defendants are free of responsibility. Without legal support, this is a leap of logic the court is presently unwilling to make. Defendants have not met their burden to show that a present issue is identical to one previously decided. Consequently, plaintiff's claims are not barred by issue preclusion at this time.

-4-

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 4) is denied.

Dated 3rd day of April, 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
