**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HJERSTED FAMILY LIMITED
PARTNERSHIP,

                Plaintiff,

v.                                                 Case No.  06-2229-CM-GLR

DEBRA DAVIS HALLAUER,
et al.,

                Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Hjersted Family Limited Partnership (HFLP) brings this action against its former attorneys.  It alleges their conduct resulted in its inability to submit a timely probate claim for payment of a promissory note.  The matter is before the Court upon Defendants' Motion to Disqualify Plaintiff's Counsel Pursuant to Supreme Court Rule 1.7 and 3.7 (doc. 23).  For the reasons set forth herein, the Court overrules the motion.

**I.    Background Facts**

In 1997 and prior thereto, Defendants provided legal work and legal advice for Norman Hjersted on a variety of matters of business and estate planning.  In early 1997 Defendants assisted Norman Hjersted with the formation of HFLP.  Defendants drafted a Partnership Agreement, which was executed on February 20, 1997.  At that time Norman Hjersted held a two percent (2%) general partnership interest and a ninety-six percent (96%) limited partnership interest in HFLP.  His son Lawrence Hjersted held a one percent (1%)

1

general partnership interest and a one percent (1%) limited partnership interest in HFLP. Upon the advice of Defendants, on February 20, 1997, Norman Hjersted also executed a promissory note in favor of HFLP in the principal amount of $360,659.74.

In 1999 through early 2000, Norman Hjersted contacted another attorney, William Fleming of the law firm Barber Emerson, L.C. (Barber Emerson), to assist in structuring a merger of two companies: Midland Resources, Inc., owned by HFLP, and Kemiron, owned by Lawerence Hjersted. At the time of the merger Lawrence Hjersted served on the board of directors for Midland Resources, Inc., and Mr. Fleming served as its Secretary. In addition to structuring the merger, Mr. Fleming also assisted Norman Hjersted with a transaction, partly gift and partly sale, that transferred part of Norman's interest in HFLP to Lawrence Hjersted on March 1, 2000.

Norman Hjersted died on April 28, 2001. Probate proceedings for his estate commenced in the District Court for Leavenworth County, Kansas (Probate Court). Lawrence Hjersted was appointed executor of the Estate of Norman Hjersted (Estate). Mr. Fleming and the law firm Barber Emerson represented Lawrence Hjersted in his capacities as Executor of the Estate. After the death of Norman and before the deadline to assert claims against his estate, Mr. Fleming, representing Lawrence Hjersted as executor of the Estate, requested copies of the files of defendants, pertaining to their prior representation of Norman. Refusing this request, Defendants cited concerns that some documents might be protected from disclosure by attorney-client privilege and that Lawrence Hjersted and the widow of Norman must first sign consents for their release. Plaintiff alleges that after Defendants were

2

provided with those signed consents, Defendants nevertheless continued to deny Lawrence Hjersted access to any documents in their legal files relating to HFLP. Defendants declined to provide any documents from their legal files to Lawrence Hjersted or his attorneys without court order.

On October 2, 2002, the Probate Court ordered that the Estate be given access to the legal files. Defendants then released the files, and the attorneys for Lawrence Hjersted and the Estate discovered a copy of the promissory note. By the time Lawrence learned of its existence, the deadline for submitting claims against the estate had expired. Accordingly, the Probate Court denied Plaintiff HFLP's claim upon the promissory note as untimely.

In the present action, Plaintiff HFLP asserts claims for legal malpractice, negligence, breach of contract, breach of fiduciary duty, negligent supervision, and conversion. Terrence Campbell and Catherine C. Theisen of the law firm Barber Emerson represent Plaintiff for this case. Formerly with Barber Emerson, Mr. Fleming now serves as general counsel of Plaintiff HFLP.

Defendants assert in their answer the comparative fault of "counsel for Plaintiff." Specifically they allege as follows:

> Defendants' alleged fault, the existence of which is denied, must be compared with fault of counsel for Plaintiff to the extent that counsel for Plaintiff had an attorney client relationship with either the Plaintiff partnership or any of the partnership's current or former partners during a time period in which Plaintiff's alleged damages could have been prevented or mitigated.[1]

---

[1] Answer (doc. 3), ¶ 58.

3

Elaborating upon this defense, Defendants argue that the Barber Emerson law firm failed to assist Lawrence Hjersted with due diligence during his purchase of an interest in HFLP. They also assert failure of the firm to diligently pursue all information necessary to submit claims in the probate estate of Norman Hjersted.

Defendants now move to disqualify the "Barber Emerson firm" as counsel for Plaintiff in this case. Law firms have no authority, however, to be members of the bar of this Court.[2] Accordingly, the Court will treat the motion as directed against Catherine C. Theisen and Terrence J. Campbell, who are the attorneys of record for Plaintiff and who are members of the Barber Emerson law firm.

Plaintiffs cite Kansas Rules of Professional Conduct 1.7(b) and 3.7 in support of their motion.

**II.    General Rules Regarding Disqualification of Counsel**

Defendants contend that counsel for plaintiff should be disqualified from representing Plaintiff HFLP under Kansas Rule of Professional Conduct 1.7(b) and 3.7. The Court has the power to disqualify counsel at its discretion for violations of professional standards of ethics.[3] Ethical violations do not automatically trigger disqualification.[4] Because disqualification

---

[2]D. Kan. Rule 83.5.1.

[3]*E.E.O.C. v. Orson H. Gygi Co., Inc.*, 749 F.2d 620, 621 (10th Cir. 1984); *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998).

[4]*Biocore Med. Techs.,* 181 F.R.D. at 664; *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc.*, 766 F. Supp. 949, 954 (D. Kan. 1991).

4

affects more than merely the attorney in question, the Court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question.[5]

The Federal Rules of Civil Procedure permit disqualification of counsel as a sanction for violations of the Federal Rules.[6] At its discretion, the Court can also apply the sanctions authorized under the Federal Rules of Civil Procedure for violations of local rules.[7] In addition, the Court's inherent power to disqualify counsel at its discretion is not supplanted by the federal rules.[8] D. Kan. Rule 83.6.1(a) provides as follows:

> The Kansas Rules of Professional Conduct as adopted by the Supreme Court of Kansas, and as amended by that court from time to time, except as otherwise provided by a specific rule of this court, are adopted by this court as the applicable standards of professional conduct.

The Court must determine a motion to disqualify counsel by measuring the facts of the particular case.[9] The moving party must show proof that is more than mere speculation and sustains a reasonable inference of a violation.[10] The court has the inherent power to disqualify counsel "where necessary to preserve integrity of the adversary process."[11] Motions to

---

[5]*Biocore Med. Techs.,* 181 F.R.D. at 664 (citing *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992)).

[6]*Id.* (citing *Lelsz v. Kavanagh*, 137 F.R.D. 646, 655 (N.D. Tex. 1991)).

[7]D. Kan. Rule 11.1(b), (c).

[8]*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

[9]*Biocore Med. Techs.,* 181 F.R.D. at 664.

[10]*Koch*, 798 F. Supp. at 1530-31.

[11]*Field v. Freedman*, 527 F. Supp. 935, 940 (D. Kan. 1981).

disqualify counsel are committed to the court's sound discretion.[12] A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.[13] In deciding a motion to disqualify counsel, the trial court must balance several competing considerations. They include the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that disqualification imposes on the parties and the entire judicial process.[14] Disqualification is only appropriate where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation.[15] A motion to disqualify counsel deserves serious, conscientious, and conservative treatment.[16]

## III.  Discussion

### A. Should counsel be disqualified from representing Plaintiff because they are materially limited by their own interests under KRPC 1.7?

---

[12]*Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

[13]*Kelling v. Bridgestone/Firestone, Inc.*, Civ. A. No. 93-1319-FGT, 1994 WL 723958, at *10 (D. Kan. Oct. 17, 1994).

[14]*Nat'l Bank of Andover, N.A. v. Aero Standard Tooling, Inc.*, 30 Kan. App. 2d 784, 791, 49 P.3d 547, 533 (2002).

[15]*Chapman Eng'rs,* 766 F. Supp. at 954 (citing *W.T. Grant Co. v. Haines*, 531 F.2d 671 (2d Cir. 1976)).

[16]*Koch*, 798 F. Supp. at 1530.

Defendants argue that it would be difficult or impossible for Barber Emerson to represent Plaintiff because the alleged negligence of its attorneys is in question, and their own interests would preclude their considering, recommending, or carrying out an appropriate course of action for Plaintiff as their client in this case. Plaintiff in response denies any conflict of interest. It asserts that it is not in the interest of the Barber Emerson firm or Mr. Fleming to testify that they took any steps on behalf of Lawrence Hjersted during his purchase of HFLP from Norman. The Barber Emerson firm represented only Norman Hjersted in connection with his part gift, part sale of a portion of his interest in HFLP to Lawrence.

Plaintiff further argues that, after Norman's death, the interests of HFLP and the interests of the Barber Emerson firm were aligned in their representation of Lawrence Hjersted and their efforts to obtain documents from Defendants. Arguably they share a common interest in proving that Lawrence Hjersted and his present counsel of record exhausted all reasonable efforts to obtain access to the files of Defendants and the information necessary to submit the probate claim.

The Model Rules of Professional Conduct have been adopted by the Kansas Supreme Court in Supreme Court Rule 226 and are known as the "Kansas Rules of Professional Conduct" or "KRPC." As already noted, this Court has adopted the Kansas Rules of Professional Conduct as the "applicable standards of professional conduct" for lawyers appearing in this Court. The Kansas Rules of Professional Conduct were amended on May 1, 2007, with an effective date of July 1, 2007. KRPC 1.7(a), effective July 1, 2007, provides that:

7

> Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.[17]

Under KRPC 1.7(b), notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.[18]

The explanatory comments to KRPC 1.7 make clear that "[l]oyalty and independent judgment are essential elements in the lawyer's relationship to a client." Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.[19] The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether

---

[17] KRPC 1.7(a).

[18] KRPC 1.7(b).

[19] KRPC 1.7, cmt.

it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.[20] The lawyer's own interests should not be permitted to have an adverse effect on representation of a client. For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.[21]

To disqualify the counsel, the court must find the conflict of interest already existent or probable to occur.[22] The burden of proof is on the party who seeks disqualification based on a conflict of interest under KRPC 1.7.[23] Although the moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a conflict exists, the ultimate burden of proof lies with the attorney or firm whose disqualification is sought.[24]

Courts in this District have held that only the client has standing to move to disqualify counsel under KRPC 1.7(b).[25] These courts have recognized an exception to this rule arises

---

[20]*Id.*

[21]*Id.*

[22]*U.S. v. Trujillo*, 302 F. Supp. 2d 1239, 1255 (D. Kan. 2004).

[23]*Quality Developers, Inc. v. Thorman*, 29 Kan. App. 2d 702, Syl. ¶ 3, 31 P.3d 296 (2001).

[24]*Regent Ins. Co. v. Ins. Co. of N. Am.,* 804 F. Supp. 1387, 1390 (D. Kan. 1992); *Williams v. KOPCO, Inc.*, Civ. A. No. 94-1541-FGT, 1996 WL 137840, at *3 (D. Kan. Mar. 8, 1996).

[25]*See Chapman Eng'rs,* 766 F. Supp. at 954-55; *Fed. Dep. Ins. Corp. v. Frazier,* 637
(continued...)

where the interests of the public are so greatly implicated that a third party should be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceedings.[26]  In other words, where the conflict of interest is "such as clearly to call in question the fair or efficient administration of justice," opposing counsel can object to the representation.[27]  This rule limiting opposing counsel to raising the issue only when the "conflict is such as clearly to call into question the fair or efficient administration of justice" appears to have its roots in the following pre-July 1, 2007 comment to KRPC 1.7(b):

> Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation.  In litigation, a court may raise the question when there is reason to infer that the lawyer has neglected that responsibility. . . . Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question.

In the July 1, 2007 amendments to the Kansas Rules of Professional Conduct, this language was removed from the comment to KRPC 1.7(b).  In light of the removal of this language, one might question whether the rule that only the client has standing to move to disqualify counsel under KRPC 1.7(b) remains good law.  The Court finds it unnecessary, however, to resolve this question.  Whether the Court applies this rule, it would afford Defendants standing to raise the

---

[25](...continued)
F. Supp. 77, 79 (D. Kan. 1986); *Beck v. Bd. of Regents of the State of Kan.*, 568 F. Supp. 1107, 1110 (D. Kan. 1983); *C.T. v. Liberal Sch. Dist.,* Civ. A. Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2007 WL 773717, at *3 (D. Kan. Mar. 9, 2007); *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1128 (D. Kan. 2004).

[26]*Fed. Dep. Ins. Corp.,* 637 F. Supp. at 79-80 (citing *Beck*, 568 F. Supp. at 1110).

[27]*Chapman Eng'rs,* 766 F. Supp. at 955.

10

issue. The alleged conflict of interest between Plaintiff and its counsel calls into question the fair or efficient administration of justice. Defendants thus may raise the issue under KRPC 1.7.

The Court then addresses whether counsel should be disqualified from representing Plaintiff in this case, based upon an alleged conflict of interest between them. Defendants point to the conflict of interest supposedly created by their asserting comparative fault of Barber Emerson, allegedly by its failures to diligently assist Lawrence Hjersted during his purchase of an interest in HFLP and to diligently get all information necessary for submission of a probate claim in the Estate of Norman Hjersted. Defendants argue that their asserting comparative fault of Barber Emerson materially limits its representation of Plaintiff, because of the interest of the law firm and its attorneys to exonerate themselves from alleged negligence.

The Court finds the information provided by the parties, including their exhibits, inadequate to determine that a conflict of interest exists between Plaintiff and its counsel as members of Barber Emerson. Unless the Court assumes that allegations of comparative negligence in themselves are enough, it finds no substantial risk that their representation of Plaintiff will be materially limited by interests of Barber Emerson in this litigation. Plaintiff maintains there is no conflict. It argues that its interests are instead aligned with those of Barber Emerson, inasmuch as they both seek to hold Defendants wholly liable. For the purposes of this law suit plaintiff and their counsel indeed share a mutual interest to show that Defendants are totally blameworthy and not to dilute a verdict by any finding of comparative fault.

Plaintiff has a presumptive right to choose its own counsel. The Court finds that the purported conflict described by Defendants does not violate the "integrity of the judicial process" so as to merit disqualification of counsel for Plaintiff. If a conflict of interest were found to exist, such as Defendants suggest, counsel from Barber Emerson could nevertheless represent Plaintiff HFLP by complying with KRPC 1.7(b). The Court further finds that the right to choose one's own counsel outweighs any danger to the integrity of the judicial process in these circumstances.

### B. Should Barber Emerson be disqualified because Mr. Fleming is likely to be a witness at trial under KRCP 3.7?

Defendants also contend that KRPC 3.7 precludes the Barber Emerson firm from representing Plaintiff. They argue that attorney William Fleming and the Barber Emerson firm represented HFLP Plaintiff and its general partner Lawrence Hjersted in the purchase of a portion of Norman Hjersted's interest in HFLP. Mr. Fleming and Barber Emerson also represented Plaintiff and Lawrence Hjersted during the probate of the estate of his father, Norman Hjersted. Defendants note that Plaintiff has named Mr. Fleming and Julie Borchardt, a paralegal with Barber Emerson, as witnesses in its Fed. R. Civ. P. 26(a) disclosures. The designation specifically indicates that Mr. Fleming will testify regarding the representation of the estate of Norman Hjrstead, for which Lawerence Hjersted was executor.

KRPC 3.7(a) provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony related to an

uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."[28]  KRPC 3.7(b) further provides that "[a] lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."[29]

To disqualify a party's lawyer under Rule 3.7(a), the moving party has the burden to show that the lawyer is "likely to be a necessary witness."[30] This standard requires the opposing party to bear a higher burden on a disqualification motion, permits the court to delay ruling until it can be determined that no other witness could testify, and obviates disqualification if the lawyer's testimony is merely cumulative.[31] In considering the necessity of the testimony, the court takes into account such factors as the significance of issues to be addressed in the testimony, the weight of the testimony, and the availability of other evidence to prove the same point.[32]  Generally, Rule 3.7 operates only to bar a lawyer from acting as an advocate, but not

---

[28]KRPC 3.7(a).

[29]KRCP 3.7(b).

[30]KRCP 3.7(a).

[31]*LeaseAmerica Corp. v. Stewart*, 19 Kan. App. 2d 740, 751, 876 P.2d 184, 192 (1994).

[32]*Chapman Eng'rs*, 766 F. Supp. at 958 (citing *Paretti v. Cavalier Label Co., Inc.*, 722 F. Supp. 985, 986 (S.D.N.Y. 1989)).

from acting as counsel altogether. However, "if there is likely to be substantial conflict between the testimony of the client and that of the lawyer . . . the representation is improper."[33]

Defendants argue that Mr. Fleming, Barber Emerson attorney Byron Springer, and paralegal Julie Borchardt will likely be called as witnesses in this case. Plaintiff has identified both Mr. Fleming and Ms. Borchardt as witnesses. Defendants note that Mr. Springer has not been identified by Plaintiff as a witness. They argue, nevertheless, that his testimony will be necessary to address their allegations of fault against the Barber Emerson firm.

The exhibits attached to the briefing contain two references to Mr. Springer. He drafted a letter to Defendants during the representation by Barber Emerson of Lawrence Hjersted as administrator of the estate. The only other reference to Mr. Springer appears in a memorandum drafted by Ms. Borchartd that regards the estate and describes events relating to Defendants's request for documents.

The Court finds KRPC 3.7 inapplicable to Mr. Fleming. He is no longer with the Barber Emerson law firm. He instead serves as general counsel for Plaintiff. KRPC 3.7(a) simply prohibits an attorney or a member of his firm from both testifying and serving as an "advocate at trial."[34] Its primary purpose is to avoid jury confusion at trial.[35] Where, as here, the attorney

---

[33]KRPC 3.7, cmt.

[34]*Lowe*, 328 F. Supp. 2d at 1126.

[35]KRPC 3.7. cmt.

who may testify is no longer associated with counsel of record, the purpose of the rule no longer applies.

With regard to Mr. Springer and Ms. Borchardt, the Court finds that KRPC 3.7(b) permits a lawyer to act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness, unless precluded from doing so by Rule 1.7 or Rule 1.9. Plaintiff is currently represented by Catherine Theisen and Terrence Campbell of the Barber Emerson firm. KRPC 3.7(b) permits Mr. Campbell and Ms. Theisen to act as advocates on behalf of Plaintiff even though other or former Barber Emerson employees may be called to testify as witnesses, unless doing do so would violate 1.7 or 1.9. The Court cannot conclude that Barber Emerson's representation of Plaintiff, which may require calling Mr. Springer or Ms. Borchardt as witnesses, would violate Rule 1.7 (conflict of interest: current clients). Rule 1.9 (regarding duties to former clients) also appears inapplicable. The Court finds no grounds to disqualify counsel for Plaintiff, based on the possibility that Mr. Springer and Ms. Borchardt may be called to testify.

For the foregoing reasons the Court does not find that a present conflict of interest exists, so as to require or justify disqualification of counsel for Plaintiff. Nor does the Court find that such a conflict is likely to occur in this case. Notwithstanding these findings, the Court expects that counsel for Plaintiff will remain alert. Should a conflict develop or become apparent, counsel should then take such action as may be appropriate to comply with the rules of this Court and the Kansas Rules of Professional Conduct.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Disqualify Plaintiff's Counsel Pursuant (doc. 23) is overruled, as set forth herein.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash Deposition Notice (doc. 22) is overruled as moot.

**IT IS FURTHER ORDERED** that the stay of this case should be and is hereby lifted.

Dated this 21st day of September, 2007, at Kansas City, Kansas.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge
