# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HJERSTED FAMILY LIMITED
PARTNERSHIP,

                Plaintiff,

v.                                            Case No.  06-2229-CM

DEBRA DAVIS HALLAUER,
et al.,

                Defendants.

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Second Motion to Amend Answer (doc. 55). Defendants move the Court for an order, pursuant to Fed. R. Civ. P. 15, permitting them to amend their answer. Violating D. Kan. Rule 7.1, they did not accompany their motion with any brief or memorandum. Plaintiff opposes the motion as untimely and for lack of excuse for the untimeliness. For the reasons herein set forth, the Court denies the motion.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] The decision whether to allow a proposed amendment after the permissive period is within the

---

[1] Fed. R. Civ. P. 15(a)(2).

discretion of the court.[2]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3]

Untimeliness alone is a sufficient reason to deny leave to amend "especially when the party filing the motion has no adequate explanation for the delay."[4]  Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."[5]  Whether to grant leave to amend is within the discretion of the court, but the court must give a reason for a refusal.[6]

District of Kansas Rule 15.1 requires that motion to amend "shall set forth a concise statement of the amendment or leave sought . . . ."  The motion fails to set forth any indication of the nature of the proposed amendment.  A reply brief suggests the proposed amendment "merely restates the defendants' pleadings in a more succinct prose consistent with the evidence and consistent with the discovery obtained in this case as well as consistent with the holding in *Chavez v. Saums*, 1 Kan. App. 2d 564, 571 P.2d 62 (1977)."

---

[2] *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991).

[3] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[4] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing *Frank*, 3 F.3d at 1365-66).

[5] *Las Vegas Ice & Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

[6] *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Even in light of the liberal standard toward granting motions to amend, this untimely second motion to amend the answer to restate the language in paragraphs 43 through 52 "in more succinct prose" comes too late in this case. Defendants filed their answer September 19, 2006. On March 18, 2008, they filed their first motion to amend the answer and thereby add affirmative defenses. Plaintiff did not oppose that motion to amend. The Court granted it on April 10, 2008. Defendants filed the instant motion to amend on April 28, 2008, over a year and a half after the December 22, 2006 deadline for filing motions to amend the pleadings and two days before the close of discovery.

Defendants have provided no adequate explanation for their delay in seeking leave to amend at this late date. Although they claim that the proposed amendment does not change the substance of their answer and they are merely restating it in more succinct prose, a review of the proposed amended answer shows some change of position on an issue they have previously admitted. In their original and First Amended Answer, Defendants Hallauer and Hallauer Law Offices admit that they and Plaintiff entered into a *contractual relationship whereby defendants agreed* to maintain records and assets of Plaintiff that they received or prepared during the course of the representation. Defendants are now seeking to change their answer to state that *they admit they had a duty* to maintain records and assets, and deny that there was any specific contractual agreement to do so.

These untimely proposed changes would cause prejudice to Plaintiff. In reliance on admissions by Defendants about their contractual duties, Plaintiff contends it tailored its discovery to disputed issues and did not actively seek information to establish uncontested facts. Now that discovery is closed, Plaintiff has no reasonable opportunity to take

depositions and otherwise seek evidence to confirm contractual duties of Defendants. The prejudice resulting to Plaintiff by this untimely motion to amend outweighs the dictate of Fed. R. Civ. P. 15(a) that leave "should freely give leave when justice so requires." In this instance justice more appropriately comports with denial of the motion.

On May 15, 2008, moreover, the Court conducted a final pretrial conference in this case. At that time the parties submitted the factual contentions, claims, and defenses they will present at trial. They include a claim by plaintiff for breach of contract and the defenses asserted against it. The second paragraph of the Pretrial Order provides that it ". . . shall supercede all pleadings and control the subsequent course of this case." To grant the motion to amend the answer at this late date would accomplish nothing of consequence, only to confuse the issues.

**IT IS THEREFORE ORDERED** that Defendants' Second Motion to Amend Their Answer (doc. 55) is denied, as set forth herein.

Dated this 12th day of June, 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge