IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HJERSTED FAMILY LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) No. 06-2229-CM |
| DEBRA DAVIS HALLAUER, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Hjersted Family Limited Partnership, a Nevada limited partnership, brings this diversity action against defendants Debra Davis Hallauer and Vold, Morris & Hallauer, PA, n/k/a Hallauer Law Offices, PA, both of Kansas. The case comes before the court on defendants' Motion for Summary Judgment (Doc. 65), and plaintiff's Motion for Partial Summary Judgment (Doc. 67). For the reasons below, the court grants defendants' motion, denies plaintiff's motion, denies plaintiff's request under Rule 17, and dismisses the case.

**I.   Background**

Defendants represented Norman Hjersted and his wife, Maryam Hjersted. It is undisputed that, on or about February 20, 1997, defendants helped Norman Hjersted form the Hjersted Family Limited Partnership ("HFLP") in Kansas.[1] At the time defendants established HFLP-Kansas, the

---

[1] There is dispute concerning the difference and/or relationship between HFLP established under Kansas law, and the current plaintiff partnership, a Nevada limited partnership. For purposes of this memorandum and order, the court refers to defendants' client as HFLP-Kansas, and to the Nevada limited partnership as plaintiff.

two partners were Norman and his son, Lawrence Hjersted. Both contributed capital to the partnership. Acting on the erroneous advice of defendants, who believed that application of a tax rule known as the 80/20 rule might have adverse consequences on the contributions, Norman Hjersted executed a back-dated promissory note to HFLP-Kansas in the amount of $360,659.74. By its terms, this note bore interest at the rate of 8 percent per annum and was payable on demand.

In late 1999 and into 2000, the Barber Emerson law firm assisted Lawrence Hjersted with a part gift–part sale transaction in which Norman Hjersted gave and sold his limited partnership interest in HFLP-Kansas to Lawrence. Norman Hjersted died on April 28, 2001, apparently leaving Lawrence Hjersted unaware of the promissory note.

Lawrence Hjersted was appointed the executor of Norman's estate. The deadline for asserting claims against Norman Hjersted's estate was February 18, 2002. By the time a claim on the promissory note was made, this deadline had passed.

Plaintiff alleges that, despite repeated requests for copies of "all of [defendant's] files pertaining to Norman," defendants had refused to disclose HFLP-Kansas's business records—including the promissory note—citing attorney-client privilege and the need to obtain consents from, *inter alia*, Norman's widow, Maryam Hjersted. Lawrence was granted access to the records pursuant to a court order dated October 2, 2002.

Lawrence subsequently discovered a copy of the promissory note, and, on January 7, 2003, HFLP-Kansas submitted an untimely claim seeking payment on the note by the estate.

On July 12, 2004, the District Court of Leavenworth County, Kansas, issued a written order denying HFLP-Kansas's claim on the note as untimely, and ordered the claim on the promissory note not to be paid from the probate estate, noting:

> [T]he court finds that the cases presented by the special administrator and the surviving spouse indicate that the lack of timely filing under the facts as presented (that is that even if Lawrence did not know of the existence of the note, he had constructive notice and/or should have known of its existence had reasonable diligence been exercised prior to the death of decedent), bar the filing of the claim.[2]

(Doc. 75-2, Plaintiff's Ex. L.)

Plaintiff filed this complaint on June 5, 2006, alleging that, by failing or refusing to disclose files related to the representation, particularly the promissory note, defendants: (1) committed legal malpractice; (2) breached a contract for legal services; (3) breached their fiduciary duty; (4) negligently supervised their employees; (5) converted plaintiff's property; and (6) acted with "intentional, wilful, malicious and with reckless disregard for the effect on [plaintiff,]" entitling plaintiff to punitive damages.

Defendants filed this motion, suggesting several bases upon which they seek judgment as a matter of law. (Doc. 66.) Plaintiff filed a motion for partial summary judgment on several of defendants' affirmative defenses, and moved the court to grant partial summary judgment eliminating defendants' "look through" damages defense. (Docs. 67, 68.)

## II.     Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144

---

[2] Although the probate court's decision on various claims made its way around the appellate courts of the State of Kansas, the ruling dismissing the promissory note claim was not a subject of these appeals. *In re Hjersted Revocable Trust*, 135 P.3d 192 (Kan. Ct. App. 2006); *In re Estate of Hjersted*, 135 P.3d 216 (Kan. Ct. App. 2006); *In re Estate of Hjersted*, 135 P.3d 202 (Kan. Ct. App. 2006) *aff'd in part and rev'd in part*, 175 P.3d 810 (Kan. 2008); *In re Hjersted Revocable Trust*, 135 P.3d 192 (Kan. 2006).

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The filing of cross-motions for summary judgment does not change the standard of review.  *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.").

### III.    Discussion

#### A.  Standing

Defendants claim that plaintiff lacks standing to pursue claims that belonged to HFLP-Kansas because plaintiff is a separate entity from HFLP-Kansas.  Specifically, defendants assert that they did not create plaintiff, have never represented plaintiff, and have never had an attorney–client relationship with plaintiff.  Defendants argue that certain of plaintiff's claims are nonassignable, *see Bank IV Wichita Nat'l Assoc. v. Arn, Mullins, Unruh, Kuhn & Wilson*, 827 P.2d 758, 764 (Kan. 1992) (legal malpractice and breach of fiduciary duty claims are personal; they are generally not assignable or transferrable); Am. Jur. Assignments § 57 (2008), and that Rule 17 does not permit HFLP-Kansas – the real party in interest – to be joined or substituted.

Plaintiff argues that plaintiff and HFLP-Kansas are the same entity, and the proper entity to bring this lawsuit.  In the alternative, plaintiff suggests that, if this court determines HFLP-Kansas rather than plaintiff is the real party in interest, the court should grant HFLP-Kansas the right to be substituted as the plaintiff, should permit HFLP-Kansas to ratify the present action, "or should deem HFLP, as registered in Nevada, to be bringing the claims on behalf of HFLP, as organized in Kansas," pursuant to Federal Rule of Civil Procedure 17.  (Doc. 79, at 18.)

The court first finds that resolution of the threshold issues here centers on (1) the current

-4-

legal status and capacity of HFLP-Kansas; (2) the manner and terms of the transition of assets and interests from HFLP-Kansas to plaintiff; and (3) the relationship, if any, between the two entities.

In support of plaintiff's position that it, a Nevada limited partnership, is the same entity as the Kansas limited partnership represented by defendants, plaintiff asserts that, when the transition from Kansas to Nevada was completed, the limited partnership had (1) the same name; (2) the same partners; (3) the same ownership interests per partner; (4) the same federal tax identification number; and (5) the same manner of decision-making and operation. According to plaintiff, the only things that changed were the state of registration and the execution of a new partnership agreement. The court finds that these facts, even if undisputed, are not legally significant.

The uncontroverted evidence establishes that, in late July 2003, (after HFLP-Kansas had made its late claim against the estate but before the final ruling) Lawrence Hjersted did, by assignment, "sell assign and transfer" portions of his limited partnership interests in HFLP-Kansas to his son, his sisters, and himself; dissolved HFLP-Kansas; created plaintiff HFLP-Nevada; and each of these limited partners pledged, as their capital contributions to HFLP-Nevada, their recently assigned interests in HFLP-Kansas. *See* Doc. 79-9, Plaintiff's Ex. T, at 159 ("[W]e basically formed a Nevada limited partnership and then we transferred or assigned all of the ownership interest in the Kansas limited partnership into that.")

Nor does plaintiff dispute that, although HFLP-Kansas filed for dissolution in August 2003, HFLP-Kansas has not been terminated: it is still in its winding-up phase. Under Kansas law, "[u]pon dissolution of a limited partnership and until the filing of a certificate of cancellation as provided in K.S.A. § 56-1a506 . . . the persons winding up the limited partnership's affairs [that is, the general partners or, if none, the limited partners], in the name of, and for and on behalf of, the limited partnership, may prosecute and defend suits." K.S.A. § 56-1a453(b); *see also* K.S.A. § 56-

203; *c.f.* K.S.A. § 56-1a609.

Defendants do not controvert these facts. Therefore this court assumes without deciding that HFLP-Kansas is not terminated but remains in its winding-up phase, with the capacity to sue in its own name. K.S.A. § 56-1a453; *see Mission Road Assocs., L.P., by United Properties*, 807 P.2d 1330 (1991). However, this lawsuit was not brought by HFLP-Kansas. Nor was it brought by Lawrence Hjersted on behalf of HFLP-Kansas. Nor was it brought by HFLP-Nevada on behalf of HFLP-Kansas. Although defendants originally raised this as a lack of standing, the court would find that the issue here is properly characterized as a question of the real party in issue.

Although the term "standing" is used loosely in many contexts to denote the party with a right to bring a particular cause of action, "'standing pertains to suits brought by individuals or groups challenging governmental action which has allegedly prejudiced their interests. On the other hand, the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest is not easily discernible.'" *Fed. Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1235 (10th Cir. 1990) (citing *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1147 (6th Cir. 1975); *see also K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1154 n.7 (10th Cir. 1985). It appears to this court that the named plaintiff is not the real party in interest in this case.

### B. Real Party in Interest

Rule 17 of the Federal Rules of Civil Procedure requires that an action must be prosecuted in the name of the real party in interest. Plaintiff has failed to come forward with any evidence to controvert the fact that HFLP-Kansas is in fact the real party in interest, or that it is capable of pursuing these claims.

However, the rule provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for

the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17.

Plaintiff has requested that, if it is not the proper party, this court should grant HFLP-Kansas the right to be substituted as the plaintiff, allow HFLP-Kansas to ratify the present action, or "deem [plaintiff], to be bringing the claims on behalf of HFLP, as organized in Kansas." (Doc. 79, at 18.)

Defendant notes that the Tenth Circuit requires that a plaintiff seeking substitution show that its mistake was "honest," and that defendant was not prejudiced by it. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (reiterating that "our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (*i.e.* whether his mistake was "honest"), and on whether the defendant was prejudiced thereby."). However, this court need not reach the merits of this argument. Where the real party in interest is a Kansas limited partnership and the defendants are a Kansas law firm, there is no diversity of citizenship pursuant to 28 U.S.C. § 1332. Consequently, were HFLP-Kansas permitted to ratify, join, or be substituted, the case would be dismissed for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See Namco, Inc. v. Davidson*, 725 F. Supp. 1148, 1157 (D. Kan. 1989) (holding that "citizenship of a limited partnership for diversity jurisdiction purposes should be based on the following: (1) the formation state of the limited partnership, and (2) the states of which the general partners are citizens."). This court therefore declines to address the parties' remaining arguments as moot.

The court grants summary judgment in favor of defendants, denies summary judgment for plaintiff, and dismisses the case with prejudice, noting that its ruling is not a judgment on the merits

for purposes of K.S.A. § 60-518.[3]

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 65) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Partial Summary Judgment (Doc. 67) is denied.

**IT IS FURTHER ORDERED** that plaintiff's request under Rule 17 is denied as futile; joinder or substitution of the real party in interest would destroy diversity jurisdiction in this case and require dismissal with prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Exclude Defendants' Proffered Expert Witness Testimony of Eric C. Frye (Doc. 71) and defendants' Motion to Exclude the Testimony of Plaintiff's Expert Pamela Keller (Doc. 73) are denied as moot.

Dated this 15th day of October, 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[3] Under the Kansas savings statute, K.S.A. § 60-518, plaintiff's present action may be preserved for filing in state court. This statute provides that a party whose initial action is timely and dismissed otherwise than on the merits has six months to file a new action.