IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **HJERSTED FAMILY LIMITED PARTNERSHIP,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 06-2229-CM |
| **DEBRA DAVIS HALLAUER, et al.,** ) ) | |
| Defendants. ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Hjersted Family Limited Partnership, a Nevada limited partnership, brings this diversity action against defendants Debra Davis Hallauer, a Missouri resident, and Vold, Morris & Hallauer, PA, n/k/a Hallauer Law Offices, PA, of Kansas. On October 15, 2008, this court granted defendants' Motion for Summary Judgment (Doc. 65), denied plaintiff's Motion for Partial Summary Judgment (Doc. 67), denied plaintiff's request under Rule 17, and dismissed the case. The case is now before the court on plaintiff's Motion to Reconsider (Doc. 97). For the reasons below, the court grants the motion to reconsider, vacates its Memorandum and Order dated October 15, 2008, and enters the following orders.

## I.    Background

Defendants represented Norman Hjersted and his wife, Maryam Hjersted. It is undisputed that, on or about February 20, 1997, defendants helped Norman Hjersted form the Hjersted Family Limited Partnership in Kansas ("HFLP-Kansas").[1] At the time defendants established HFLP-

---

[1] There is dispute concerning the difference and/or relationship between HFLP established under Kansas law, and the current plaintiff partnership, a Nevada limited partnership. For purposes
(continued...)

Kansas, the two partners were Norman and his son, Lawrence Hjersted. Both contributed capital to the partnership. Acting on the erroneous advice of defendants, who believed that application of a tax rule known as the 80/20 rule might have adverse consequences on the contributions, Norman Hjersted executed a back-dated promissory note to HFLP-Kansas in the amount of $360,659.74. By its terms, this note bore interest at the rate of 8 percent per annum and was payable on demand.

In late 1999 and into 2000, the Barber Emerson law firm assisted Lawrence Hjersted with a part gift–part sale transaction in which Norman Hjersted gave and sold his limited partnership interest in HFLP-Kansas to Lawrence. Norman Hjersted died on April 28, 2001, apparently leaving Lawrence Hjersted unaware of the promissory note.

Lawrence Hjersted was appointed the executor of Norman's estate. The deadline for asserting claims against Norman Hjersted's estate was February 18, 2002. By the time a claim on the promissory note was made, this deadline had passed.

Plaintiff alleges that, despite repeated requests for copies of "all of [defendant's] files pertaining to Norman," defendants had refused to disclose HFLP-Kansas's business records—including the promissory note—citing attorney-client privilege and the need to obtain consents from, *inter alia*, Norman's widow, Maryam Hjersted. Lawrence was granted access to the records pursuant to a court order dated October 2, 2002.

Lawrence subsequently discovered a copy of the promissory note, and, on January 7, 2003, HFLP-Kansas submitted an untimely claim seeking payment on the note by the estate.

On July 12, 2004, the District Court of Leavenworth County, Kansas, issued a written order denying HFLP-Kansas's claim on the note as untimely, and ordered the claim on the promissory

---

[1] (...continued) of this Memorandum and Order, the court refers to defendants' client as HFLP-Kansas, and to the Nevada limited partnership as plaintiff.

-3-

note not to be paid from the probate estate, noting:

> [T]he court finds that the cases presented by the special administrator and the surviving spouse indicate that the lack of timely filing under the facts as presented (that is that even if Lawrence did not know of the existence of the note, he had constructive notice and/or should have known of its existence had reasonable diligence been exercised prior to the death of decedent), bar the filing of the claim.[2]

(Doc. 75-2, Plaintiff's Ex. L.)

Plaintiff filed this complaint on June 5, 2006, alleging that, by failing or refusing to disclose files related to the representation, particularly the promissory note, defendants: (1) committed legal malpractice; (2) breached a contract for legal services; (3) breached their fiduciary duty; (4) negligently supervised their employees; (5) converted plaintiff's property; and (6) acted with "intentional, wilful, malicious and with reckless disregard for the effect on [plaintiff,]" entitling plaintiff to punitive damages.

Defendants filed a motion for summary judgment, suggesting several bases upon which they seek judgment as a matter of law. (Doc. 65.) Plaintiff filed a motion for partial summary judgment on several of defendants' affirmative defenses, and moved the court to grant partial summary judgment eliminating defendants' "look through" damages defense. (Doc. 67). In a Memorandum and Order dated October 15, 2008, this court granted defendants' Motion for Summary Judgment (Doc. 65), denied plaintiff's Motion for Partial Summary Judgment (Doc. 67), denied as moot the motions to exclude expert testimony (Docs. 71, 73), and dismissed the case without ruling on the merits. Plaintiff filed this motion to reconsider (Doc. 97).

---

[2] Although the probate court's decision on various claims made its way through the appellate courts of the State of Kansas, the ruling dismissing the promissory note claim was not a subject of these appeals. *In re Hjersted Revocable Trust*, 135 P.3d 192 (Kan. Ct. App. 2006); *In re Estate of Hjersted*, 135 P.3d 216 (Kan. Ct. App. 2006); *In re Estate of Hjersted*, 135 P.3d 202 (Kan. Ct. App. 2006) *aff'd in part and rev'd in part*, 175 P.3d 810 (Kan. 2008); *In re Hjersted Revocable Trust*, 135 P.3d 192 (Kan. 2006).

## II. Motion for Reconsideration

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

The court concludes that the standards for reconsideration are met in this case, as more fully set out in this Memorandum and Order. On reconsideration, the court vacates the order entered on October 15, 2008, granting defendants' Motion for Summary Judgment (Doc. 65), denying plaintiff's Motion for Partial Summary Judgment (Doc. 67), denying as moot the motions to exclude expert testimony (Docs. 71, 73), and dismissing the case. On reconsideration, the court declines to enter a ruling on the parties' motions for summary judgment for the reasons set forth below.

## III. Motions for Judgment as a Matter of Law

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The filing of cross-motions for summary judgment does not change the standard of review. *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.").

### A. Standing

In their motion for summary judgment, defendants claim that plaintiff lacks standing to pursue claims that belonged to HFLP-Kansas because plaintiff is a separate entity from HFLP-Kansas. Specifically, defendants' motion asserts that defendants did not create plaintiff, have never represented plaintiff, and have never had an attorney–client relationship with plaintiff. Defendants argue that certain of plaintiff's claims are nonassignable, *see Bank IV Wichita Nat'l Assoc. v. Arn, Mullins, Unruh, Kuhn & Wilson*, 827 P.2d 758, 764 (Kan. 1992) (legal malpractice and breach of fiduciary duty claims are personal; they are generally not assignable or transferrable); Am. Jur. Assignments § 57 (2008), and that Rule 17 does not permit HFLP-Kansas – the real party in interest – to be joined or substituted.

Plaintiff argues that plaintiff and HFLP-Kansas are the same entity, and the proper entity to bring this lawsuit. In the alternative, plaintiff suggests that, if this court determines HFLP-Kansas rather than plaintiff is the real party in interest, the court should grant HFLP-Kansas the right to be substituted as the plaintiff, should permit HFLP-Kansas to ratify the present action, "or should deem HFLP, as registered in Nevada, to be bringing the claims on behalf of HFLP, as organized in Kansas," pursuant to Federal Rule of Civil Procedure 17. (Doc. 79, at 18.)

The court first finds that resolution of the threshold issues here centers on (1) the current legal status and capacity of HFLP-Kansas; (2) the manner and terms of the transition of assets and interests from HFLP-Kansas to plaintiff; and (3) the relationship, if any, between the two entities.

In support of plaintiff's position that it, a Nevada limited partnership, is the same entity as the Kansas limited partnership represented by defendants, plaintiff asserts that, when the transition from Kansas to Nevada was completed, the limited partnership had (1) the same name; (2) the same partners; (3) the same ownership interests per partner; (4) the same federal tax identification number; and (5) the same manner of decision-making and operation. According to plaintiff, the only things that changed were the state of registration and the execution of a new partnership agreement. The court finds that these facts, even if undisputed, are not legally significant.

The uncontroverted evidence establishes that, in late July 2003, (after HFLP-Kansas had made its late claim against the estate but before the final ruling) Lawrence Hjersted did, by assignment, "sell assign and transfer" portions of his limited partnership interests in HFLP-Kansas to his son, his sisters, and himself; dissolved HFLP-Kansas; created plaintiff HFLP-Nevada; and each of these limited partners pledged, as their capital contributions to HFLP-Nevada, their recently assigned interests in HFLP-Kansas. *See* Doc. 79-9, Plaintiff's Ex. T, at 159 ("[W]e basically formed a Nevada limited partnership and then we transferred or assigned all of the ownership interest in the Kansas limited partnership into that.").

Nor does plaintiff dispute that, although HFLP-Kansas filed for dissolution in August 2003, HFLP-Kansas has not been terminated: it is still in its winding-up phase. Under Kansas law, "[u]pon dissolution of a limited partnership and until the filing of a certificate of cancellation as provided in K.S.A. § 56-1a506 . . . the persons winding up the limited partnership's affairs [that is, the general partners or, if none, the limited partners], in the name of, and for and on behalf of, the

limited partnership, may prosecute and defend suits." K.S.A. § 56-1a453(b); *see also* K.S.A. § 56-203; *c.f.* K.S.A. § 56-1a609.

Defendants do not controvert these facts. Therefore this court assumes without deciding that HFLP-Kansas is not terminated but remains in its winding-up phase, with the capacity to sue in its own name. K.S.A. § 56-1a453; *see Mission Road Assocs., L.P., by United Properties*, 807 P.2d 1330 (Kan. Ct. App. 1991). However, this lawsuit was not brought by HFLP-Kansas. Nor was it brought by Lawrence Hjersted on behalf of HFLP-Kansas. Nor was it brought by plaintiff on behalf of HFLP-Kansas. Although defendants originally raised this as a lack of standing, the court finds that the issue here is properly characterized as a question of the real party in interest.

Although the term "standing" is used loosely in many contexts to denote the party with a right to bring a particular cause of action, "'standing pertains to suits brought by individuals or groups challenging governmental action which has allegedly prejudiced their interests. On the other hand, the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest is not easily discernible.'" *Fed. Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1235 (10th Cir. 1990) (citing *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1147 (6th Cir. 1975); *see also K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1154 n.7 (10th Cir. 1985). This court finds that the named plaintiff is not the real party in interest in this case.

### B. Real Party in Interest

Rule 17 of the Federal Rules of Civil Procedure requires that an action must be prosecuted in the name of the real party in interest. Plaintiff has failed to come forward with any evidence to controvert the fact that HFLP-Kansas is in fact the real party in interest, or that it is capable of pursuing these claims.

However, the rule provides that a court "may not dismiss an action for failure to prosecute in

the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17.

Although no formal motion was before the court, plaintiff requested in its summary judgment pleadings that, if it was not the proper party, this court grant HFLP-Kansas the right to be substituted as the plaintiff, allow HFLP-Kansas to ratify the present action, or "deem [plaintiff], to be bringing the claims on behalf of HFLP, as organized in Kansas." (Doc. 79, at 18.)

Defendant noted that the Tenth Circuit requires that a plaintiff seeking substitution show that its mistake was "honest," and that defendant was not prejudiced by it. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (reiterating that "our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (*i.e.* whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby.").

Despite the absence of a formal motion to join, ratify, or substitute, the parties fully briefed the real party in interest issue.

In its October 15 Memorandum and Order, this court treated plaintiff's request as an informal motion under Rule 17. The court declined to address the *Esposito* prerequisites and ultimately denied the request as futile because it concluded, sua sponte, that permitting substitution, ratification, or joinder of the real party in interest, as requested by plaintiffs, would strip this court of diversity jurisdiction. It reasoned that, where the real party in interest is a limited partnership organized under the laws of Kansas, and one of the defendants is a Kansas law firm, there is no diversity of citizenship pursuant to 28 U.S.C. § 1332. Consequently, were HFLP-Kansas permitted to ratify, join, or be substituted, the case would be dismissed for want of subject matter jurisdiction

-8-

pursuant to Fed. R. Civ. P. 12(b)(1).  For this conclusion, the court relied on the proposition that "citizenship of a limited partnership for diversity jurisdiction purposes should be based on the following: (1) the formation state of the limited partnership, and (2) the states of which the general partners are citizens."  *See Namco, Inc. v. Davidson*, 725 F. Supp. 1148, 1157 (D. Kan. 1989).

In its motion for reconsideration, plaintiff appears to take back its informal Rule 17 request and demands its "mandatory opportunity" to file a "formal" motion under that rule.  In support, plaintiff suggests that this court committed clear error in concluding that the substitution of HFLP would destroy diversity in the case.

Plaintiff argues instead that, under *Carden v. Arkoma Associates*, 494 U.S. 185, 187–91 (1990), it is the citizenship of the partners in a limited partnership that matter for the purposes of determining diversity jurisdiction, not the state of organization of the limited partnership.  Plaintiff alleges that, if permitted to make a formal motion under Rule 17, it would be able to establish complete diversity.

Defendants fail to address plaintiff's legal argument, countering instead that plaintiff has failed to comply with Rule 17(a) because it has not sought to apply the rule within a reasonable time; its mistake was not an honest one; and substitution would prejudice defendants.  *See* Fed. R. Civ. P. 17; *Esposito*, 368 F.3d at 1276.

This court has determined that plaintiff is not the real party in interest.  However, given plaintiff's reverse-course on the informal motion to join or substitute HFLP-Kansas, the court concludes that its October 15 Order ruled on matters outside of those properly presented for determination.  *Sithon Maritime Co.*, 177 F.R.D. at 505.  Because the plaintiff is not the real party in interest, a ruling on the motions for summary judgment is not appropriate at this time.  Instead, the court directs plaintiff to show cause in writing within eleven days why the case should not be

-9-

dismissed for failure to prosecute in the name of the real party in interest. Defendants may file a response within eleven days of any filing on the issue by plaintiff, and plaintiff may reply within eleven days of defendants' response.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider (Doc. 97) is granted.

**IT IS FURTHER ORDERED** that this court's Memorandum and Order entered on October 15, 2008 is vacated.

**IT IS FURTHER ORDERED** that the court reserves judgment on the parties' competing motions for summary judgment (Docs. 65, 67) at this time.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause in writing within eleven days why the case should not be dismissed for failure to prosecute in the name of the real party in interest. Defendants may file a response within eleven days of any filing on the issue by plaintiff, and plaintiff may reply within eleven days of defendants' response.

Dated this 5th day of November 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**