IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HJERSTED FAMILY LIMITED PARTNERSHIP,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 06-2229-CM |
| ) | |
| **DEBRA DAVIS HALLAUER, et al.,** ) ) | |
| Defendants. ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Hjersted Family Limited Partnership, a Nevada limited partnership, ("HFLP-Nevada"), brings this diversity action against defendants Debra Davis Hallauer, a Missouri resident, and Vold, Morris & Hallauer, PA, n/k/a Hallauer Law Offices, PA, of Kansas. Before the court is Plaintiff's Response to Order to Show Cause and Motion for Substitution of Party (Doc. 100).

**I.     Brief Factual and Procedural Background**

Plaintiff filed this complaint on June 5, 2006, alleging that, by failing or refusing to disclose files related to the defendants' representation of Norman Hjersted and the Hjersted Family Limited Partnership, a Kansas limited partnership, ("HFLP-Kansas"), particularly a promissory note executed by Norman to HFLP-Kansas, defendants: (1) committed legal malpractice; (2) breached a contract for legal services; (3) breached their fiduciary duty; (4) negligently supervised their employees; (5) converted plaintiff's property; and (6) acted with "intentional, wilful, malicious and with reckless disregard for the effect on [plaintiff,]" entitling plaintiff to punitive damages.

Defendants filed a motion for summary judgment, asserting several bases upon which they

seek judgment as a matter of law. (Doc. 65.) Plaintiff filed a motion for partial summary judgment on several of defendants' affirmative defenses, and moved the court to grant partial summary judgment eliminating defendants' "look through" damages defense. (Doc. 67). In an order dated October 15, 2008, the court dismissed the case without ruling on the merits, but on reconsideration, vacated that order in an Order and Memorandum dated November 5, 2008. In its November 5, 2008 Memorandum and Order, which sets out a more detailed factual and procedural background, the court found that plaintiff was not the real party in interest. The court directed plaintiff to show cause why the case should not be dismissed for failure to prosecute in the name of the real party in interest. Plaintiff responds with the instant motion, seeking substitution of HFLP-Kansas as plaintiff; arguing that substitution is proper under Rule 17 of the Federal Rules of Civil Procedure; and asserting that complete diversity of citizenship will exist if the court grants the motion to substitute HFLP-Kansas as plaintiff. For the following reasons, the court grants plaintiff's motion to substitute.

## II.    Motion under Rule 17

Rule 17 of the Federal Rules of Civil Procedure requires that an action must be prosecuted in the name of the real party in interest. Failure to do so merits dismissal of the case. However, the rule provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17.

Although plaintiff maintains that it is a proper party to bring this action, plaintiff acknowledges that HFLP-Kansas is capable of pursuing these claims, and asks this court to permit

HFLP-Kansas to be substituted as plaintiff under Rule 17.

The Tenth Circuit requires that a plaintiff seeking substitution show that its mistake was "honest," and that defendant was not prejudiced by it. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004) (reiterating that "our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (*i.e.* whether his mistake was "honest"), and on whether the defendant was prejudiced thereby.").

Defendants argue that the failure to prosecute in the correct party's name was not an "honest mistake" and plaintiff has not sought substitution of parties within a reasonable time as required by the rule. Defendants allege that plaintiff engaged in "deliberate tactical maneuvering" to create a Nevada limited partnership; it assigned HFLP-Kansas' interests to the new partnership in order to avoid paying state income tax; and, as a result of this calculated decision, forfeited the right to bring the legal malpractice claims. However, as plaintiff notes, although it may have made a deliberate tactical decision to change the partnership's state of organization, it did not make a deliberate tactical decision to name the wrong party in this litigation. The "honest mistake" inquiry looks to the intent of the plaintiff in bringing suit in the wrong party's name. Plaintiff's "mistake" by suing in its own name was based on plaintiff's belief that it *is* HFLP-Kansas. This is a belief that plaintiff vigorously maintains. Given the complicated questions of law pertaining to the creation, dissolution, and termination of limited partnerships, the court finds this mistake was honest, and does not amount to deliberate tactical maneuvering designed to prejudice the defendants.

Further, the court finds that the request to substitute HFLP-Kansas is made within a reasonable time and would not prejudice defendants. Although defendants raised a lack of standing defense in their original answer, the real-party-in-interest question was only raised in the summary judgment pleadings. The claims otherwise remain unchanged. The court finds as a practical matter

-3-

that, given the relationship between HFLP-Kansas and HFLP-Nevada, substitution would not cause undue surprise or unfairness. Defendants fail to establish that substitution would result in prejudice.

The court finds that plaintiff has established good cause why the action should not be dismissed, and the court grants the motion under Rule 17. As a result, this court has a duty to determine whether it has jurisdiction over this matter. *See Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986).

## III.    Subject Matter Jurisdiction

In its October 15 Memorandum and Order, treating plaintiff's request as an informal Rule 17 motion, this court declined to address the *Esposito* prerequisites discussed above because it concluded, sua sponte, that permitting substitution, ratification, or joinder of the real party in interest, as requested by plaintiff, would strip this court of diversity jurisdiction. The court reasoned that, where the real party in interest is a limited partnership organized under the laws of Kansas, and one of the defendants is a Kansas law firm, there is no diversity of citizenship pursuant to 28 U.S.C. § 1332. Consequently, were HFLP-Kansas permitted to ratify, join, or be substituted, the case would be dismissed for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For this conclusion, the court relied on *Namco, Inc. v. Davidson*, 725 F. Supp. 1148 (D. Kan. 1989), for the proposition that "citizenship of a limited partnership for diversity jurisdiction purposes should be based on the following: (1) the formation state of the limited partnership, and (2) the states of which the general partners are citizens." *Id.* at 1157.

In its motion for reconsideration, and again in this motion for substitution, plaintiff argues instead that, under *Carden v. Arkoma Associates*, 494 U.S. 185, 187–91 (1990), it is only the citizenship of the partners in a limited partnership that matter for the purposes of determining diversity jurisdiction, not the state of organization of the limited partnership. Plaintiff alleges that

-4-

complete diversity exists because all of the partners of HFLP-Kansas are diverse from all of the defendants in this case.

Defendants have failed to address this argument in either their response to plaintiff's motion to reconsider, or in response to the instant motion for substitution. Nevertheless, the court has an independent duty to assure that it has jurisdiction. *See* 494 U.S. at 195. The question before the court is whether the state of organization, in addition to the citizenship of the partners, factors into the citizenship of a limited partnership for purposes of diversity jurisdiction. On this question, *Namco* and *Carden* stand in the forefront, in sharp contrast to each other.

In *Namco*, decided in this district in 1989, the court addressed the then-unresolved questions of whether the citizenship of the modern limited partnership, for purposes of diversity jurisdiction, should be based upon (1) the citizenship of its general partners only, (2) the general partners and the state where the limited partnership was formed, or (3) the general partners and the limited partners. Acknowledging a split of authority, the court applied a "real-party in interest test" and rejected the third basis, holding that it would disregard the residences of uninvolved released limited partners. The court turned to whether the limited partnership itself should be considered a real party to the controversy. The *Namco* court reasoned that the modern limited partnership was an entity more analogous to a corporation, which is treated as a citizen of the state of its formation; and that, as a matter of policy, the federal courts are reluctant to extend diversity jurisdiction beyond boundaries set by Congress. 725 F. Supp. at 1153–56. The court therefore held that the state where the limited partnership is formed and the states where the general partners are domiciled are the states considered for the diversity status of a limited partnership.

In *Carden*, decided by the United States Supreme Court the next year, an Arizona limited partnership had filed suit in federal court against two defendants, both citizens of Louisiana, alleging

diversity jurisdiction. In the district court, the defendants disputed diversity, arguing that the limited partnership had limited partners domiciled in Louisiana. The district court denied a motion to dismiss and on appeal, following a judgment for the partnership, the Fifth Circuit affirmed, reasoning that a limited partnership's citizenship is determined only by reference to its general, not limited, partners. The Supreme Court reversed. It held that the citizenship of limited partners had to be taken into account to determine diversity of citizenship among parties; diversity citizenship could not be based solely on the citizenship of the general partners. 494 U.S. at 195.

*Carden* clearly abrogates *Namco*'s holding that limited partner citizenship is not to be used for diversity purposes. But contrary to plaintiff's attempts to recharacterize it, *Carden* does not hold that the state of organization is irrelevant to the determination of diversity. Therefore, this court's analysis is not complete. The court is unable to find direct guidance on this question. *Republic Properties Corp. v. Mission West Properties*, 895 A.2d 1006, 1013–14 (Md. 2006) (declining to consider "whether the state of formation of a limited partnership or the state in which the limited partnership maintains its principle place of business, or any combination of the two, is determinative of a limited partnership's domicile" because, under Maryland law, the state of incorporation of the corporate entity that may be a general partner of a foreign limited partnership is not the domicile of the limited partnership).

This court has reviewed numerous cases confirming and reiterating the now well-established rule that a limited partnership is a citizen of any state in which any of its partners is a citizen. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1020 (11th Cir. 2004); *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group*, 362 F.3d 136, 138 (1st Cir. 2004); *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519,

1522– 23 (10th Cir. 1991).

Some of these cases suggest that a court should not consider the state of organization. *Guar. Nat. Title Co., Inc. v. J.E.G. Assoc.*, 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181 (3rd Cir. 2008) (if a partner of a partnership is a United States citizen permanently living abroad, there can be no diversity of jurisdiction over the partnership because the partner is neither a citizen of a state nor a citizen of a foreign country); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991) (dismissing for lack of diversity where plaintiffs, who were limited partners, sued partnership as an entity; state of organization not considered); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2d Cir. 1990), *cert. denied*, 505 U.S. 1222, (holding that a diversity suit cannot be maintained against a partnership when one of the partners is a United States citizen domiciled abroad).

On the other hand, *Namco* appears to be the only case also considering the state of organization as a factor for purposes of diversity.

Although *Namco* was not clearly overruled by the holding in *Carden*, this court disagrees with its analysis, particularly the analogy it draws between corporations and limited partnerships. The *Carden* case – among others – consistently distinguish between a corporate entity and other associations such as partnerships. In its decision, the *Carden* Court noted that "[w]hile the rule regarding the treatment of corporations as 'citizens' [*i.e.*, of the state of their incorporation and/or principal place of business] has become firmly established, we have . . . just as firmly resisted extending that treatment to other entities." 494 U.S. at 188. This court declines to follow the rule set out in *Namco*, and will not consider the state of organization when considering whether the

parties are completely diverse.

In this case, the sole remaining partner of HFLP-Kansas at the time of filing was HFLP-Nevada, whose partners, Lawrence Hjersted and Jared Hjersted, were and are citizens of Florida. Therefore, this court has subject matter jurisdiction over the claims of HFLP-Kansas.

**IT IS THEREFORE ORDERED** that Plaintiff's Response to Order to Show Cause and Motion for Substitution of Party (Doc. 100) is granted.

**IT IS FURTHER ORDERED** that the court reserves judgment on the parties' competing motions for summary judgment (Docs. 65, 67) at this time.

Dated this 10th day of February, 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
