# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HJERSTED FAMILY LIMITED PARTNERSHIP,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)   No. 06-2229-CM<br>) |
| **DEBRA DAVIS HALLAUER, et al.,** | )<br>) |
| Defendants. | )<br>)<br>) |

## ORDER

Plaintiff Hjersted Family Limited Partnership, a Kansas limited partnership, brings this diversity action against defendants Debra Davis Hallauer, a Missouri resident, and Vold, Morris & Hallauer, PA, n/k/a Hallauer Law Offices, PA, of Kansas. On March 31, 2009, this court issued a memorandum and order (Doc. 107) granting in part and denying part defendants' Motion for Summary Judgment (Doc. 65), and plaintiff's Motion for Partial Summary Judgment (Doc. 67). The case is now before the court on defendants' Motion to Reconsider (Doc. 108). The court finds it unnecessary to await a response from plaintiff. For the reasons below, the court denies the motion to reconsider.

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing

Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

      First, defendants suggest that the court erred in granting summary judgment against defendants on the issue of waiver because, as a matter of law, plaintiff "waiv[ed its] claim on the Note." This is a legal malpractice action. The constructive knowledge attributable to plaintiff's general partner regarding the note goes to the damages, if any, available if plaintiff succeeds on its claim. Second, defendant argues that the court erred in failing to grant summary judgment in its favor on the issue of superseding or intervening cause. The court ruled that comparative fault principles applied to this case. The court did not err in declining to rule that, as a matter of law, one party's knowledge or action constituted a superseding or intervening cause negating liability. Except in "extraordinary cases," where only one inference can be drawn, the question of whether a superseding or intervening cause broke the causal connection between the alleged negligence and the injury is one of fact for the jury. The court concludes that the standards for reconsideration are not met in this case. Defendants' motion is denied.

-3-

**IT IS THEREFORE ORDERED** that defendants' Motion to Reconsider (Doc. 108) is denied.

Dated this 16th day of April 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**